## Chase v. Wyeth.

If one has, without fraud, taken judgment for an amount exceeding the *ad damnum*, a motion at a subsequent term for leave to amend is addressed to the discretion of the court, and will ordinarily prevail.

It is not a sufficient objection to the motion, that the same property which has been attached on the plaintiff's writ has been also attached by other parties, and is insufficient to satisfy all the judgments, especially if it do not appear beyond reasonable doubt that the latter were entitled to priority in their attachments.

The court will not, on motion to amend, try the rights of the several parties to such priority, but will leave them, in a doubtful case, to their actions at law.

MOTION for leave to amend the record. Judgment had been obtained for the plaintiff for $630.92 debt, and $21.55 costs, and execution issued thereon was returned satisfied to the amount of $405.90. The *ad damnum* in the writ was $500, and at the return term of the execution the plaintiff moved for leave to enter a *remittitur* for the excess of the judgment over the *ad damnum*.

To this the defendant did not object, but parties claiming an interest, as having attached the same property, opposed the motion. The plaintiff claimed the allowance of the motion as a matter of right.

It appeared that the defendant notified his creditors, among whom the plaintiff was one, that he was in embarrassed circumstances and wished to secure them; that it was concluded between the parties to secure their claims by attachment; that for that purpose their several claims were placed in the hands of an attorney, who issued three writs at the same time against the defendant, and gave them to an officer to serve; that before service, by the direction of the defendant, the attorney ordered the officer to make return upon the writ in favor of the plaintiff first, and that the officer, acting in pursuance of the directions given him, made service upon the writ in favor of the

plaintiff before serving the writs in favor of the other parties.

*Dudley,* for the plaintiff.

*Pierce,* for the defendant.

WOODS, J. This is a case in which judgment has, through inadvertence, been entered for a sum exceeding the *ad damnum* in the writ, and execution has been issued and done in part. There seems to be sufficient authority for holding that the party may have leave to amend by entering a *remittitur* for the excess, and thus saving the benefit of his proceeding.

It was held in the case of *Bissell* v. *Kip,* 5 Johns. 89, that where the execution exceeded by a small sum the amount of the judgment, the plaintiff might amend. In *Laroche* v. *Wasbrough,* 2 T. R. 737, cited by the court in the case referred to, when a *ca. sa.* had been erroneously issued for too large a sum, the plaintiff was permitted to amend his writ of execution. These and some other cases referred to in the argument in *Laroche* v. *Wasbrough,* are cases in which the courts have permitted the executions to be amended to conform to the judgments.

In *Hemmenway* v. *Hicks,* 4 Pick. 497, it was decided, upon argument, that where judgment had been entered for a sum exceeding the *ad damnum,* the error might be cured at a subsequent term by entering a *remittitur* for the excess.

Among the authorities cited by the court in the last named case is *Pickwood* v. *Wright,* 1 H. Bl. 642, in which it was decided, that where a verdict is given for a greater sum than the amount of the damages laid in the declaration, and for that cause a writ of error is brought, the court will permit the plaintiff to enter a *remittitur* of the excess, on payment of the costs of the writ of error.

In *Hutchinson* v. *Crossen*, 10 Mass. 252, the court refer to an anonymous case in which a verdict was rendered for a sum exceeding the *ad damnum*. The error was not perceived, and no *remittitur* was entered at the time. After error brought, the court permitted an amendment of the record by an entry of a *remittitur*. The court, in that case, say that amendments are in general allowed on the terms of the payment of costs to the plaintiff in error.

These authorities, in establishing very clearly the practice of courts to grant amendments in cases like the present, also show that motions for that purpose are addressed to their discretion, and all granted upon such terms as to secure indemnity to the party who has the right to take advantage of the error, if he incurred the expense of proceedings for that object. It remains to inquire whether the case made by the party seeking to amend here is opposed by any considerations that should induce the court to deny their interposition.

The judgment debtor does not himself offer any objection to the motion, but parties interested, as having attached the same property which has been sold to satisfy in part the execution, insist that the ends of substantial justice require the motion to be denied.

The possible consequence of denying the motion would be a renewal of the judgment of Chase against Wyeth, and the loss of the attachment. And this, it is said, is a result to which Hunt is justly entitled, upon the ground that the property ought first to be applied to satisfy the judgment of Moses Hunt, and of Thomas Monroe, in which he has an interest.

Without inquiring whether the benefit which he seeks, by defeating the present motion, would, as a matter of course, in the event of his success, accrue to him, we think the evidence does not establish any such prior right to the property attached for which he contends. Mr. Dudley, it appears, directed the officer in the

first instance to give priority to one of Hunt's executions. But this he had no special authority to do; and before any return had been made by the officer a different order was given by him, proceeding from a source entitled, perhaps, to some consideration.

The evidence is somewhat clear, that attachments were made at the suggestion of Wyeth, and were treated and used by all the parties as a measure by which he had undertaken, with their concurrence, to provide for the security of their several demands. In the absence of any express agreement between them as to which should have priority, it was perhaps as much within the power of Wyeth as any one to elect; and he made an election in favor of Chase.

If the transaction ought, upon the evidence, to be regarded in the light of an arrangement between the parties, to which all assented, it was contrary to the faith of that arrangement for Hunt to seek, by a race of diligence, to prefer another claim of his own to both of those for which the amicable provision had been made; and it was not such a course as entitles him to any favorable consideration in determining a question addressed to the sound discretion of the court.

If, however, the officer has really erred in assigning priority to Chase's attachment, the injured party has a more direct and appropriate remedy than that which he pursues in resisting this motion. He has his action against the officer himself, and the benefit of a trial by jury, which it would be hardly just to take from either party, as the effect might be, by denying the motion.

On the whole, the party resisting the motion has not satisfactorily shown himself entitled to any priority in the order of the attachment. If so entitled, there is some evidence that he acquired it contrary to the faith of the arrangement between Wyeth, Chase and himself, for securing certain specified demands. He has his more

appropriate remedy against the officer, who is liable, and who has been indemnified for any error he may have committed; and finally, it by no means appears that he would secure, by success in opposing the motion, the benefit at which he aims.

The motion must, therefore, as in the ordinary course of practice, be granted.

*Remittitur entered for the excess of the judgment over the ad damnum.*